IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **NATHANIEL HOLDWAY,** | ) | Civil Action No. 7:15-cv-00641 |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **MR. SCOTT, et al.,** | ) | By: Hon. Robert S. Ballou |
| **Defendants.** | ) | United States Magistrate Judge |

This matter is presently before the court on the pro se plaintiff's motion to compel discovery and defendants' motion for a protective order. Plaintiff seeks, inter alia, monetary relief from defendants, and defendants raise the defense of qualified immunity. "Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation." Saucier v. Katz, 533 U.S. 194, 200 (2001), overruled on other grounds by Pearson v. Callahan, 555 U.S. 223 (2009) (internal quotation marks omitted). "The privilege is 'an immunity from suit rather than a mere defense to liability. . . .'" Saucier, 533 U.S. at 200 (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). "The protection of qualified immunity gives officials a right . . . to avoid the burdens of such pretrial matters as discovery." Holland ex rel. Overdorff v. Harrington, 268 F.3d 1179, 1185 (10th Cir. 2001) (quoting Behrens v. Pelletier, 516 U.S. 299, 308 (1996)) (internal quotation marks omitted).

However, the Supreme Court has "recognized that limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity." Crawford-El v. Britton, 523 U.S. 574, 593 n.14 (1998) (citing Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987); Mitchell, 472 U.S. at 526). When, for instance, a motion for summary judgment involves contested factual assertions, limited discovery may be appropriate. See Anderson, 483 U.S. at 646 n. 6 (discovery may be necessary if defendant's

characterization of his actions differs from plaintiff's characterization of those actions). Having reviewed the record, the court finds such circumstances in this case for the requested video footage from the camera Plaintiff allegedly saw recording defendant Scott's alleged attack. See Ingle ex rel. Estate of Ingle v. Yelton, 439 F.3d 191, 196 (4th Cir. 2006) ("Because there was a sufficient basis to believe such videos existed, and because this evidence represented [plaintiff's] principal opportunity to contradict the assertion that the district court found dispositive, the court should have allowed discovery as to the videos.").

Accordingly, it is hereby **ORDERED** that plaintiff's motion for discovery (ECF No. 30) is **GRANTED** as to the particular video footage, and defendants' motion for a protective order (ECF No. 33) is **DENIED**. Defendants must note within thirty days of this Order's entry either that Plaintiff received the opportunity to view the video footage or why no opportunity was given. Plaintiff's motion for an extension of time to respond to defendants' motions to dismiss and for summary judgment (ECF No. 37) is **GRANTED**. Plaintiff must file his response within thirty days of the defendants' response to this Order.

The Clerk shall send copies of this Order to the parties.

It is so **ORDERED**.

Enter: May 26, 2016

/s/ Robert S. Ballou

Robert S. Ballou
United States Magistrate Judge