IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **NATHANIEL HOLDWAY,** ) | Civil Action No. 7:15-cv-00641 | |
| Plaintiff, ) | | |
| ) | | |
| **v.** ) | **MEMORANDUM OPINION** | |
| ) | | |
| **MR. SCOTT, et al.,** ) | By: Hon. Robert S. Ballou | |
| Defendants. ) | United States Magistrate Judge | |

Nathaniel Holdway, a Virginia inmate proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983, naming three correctional officers of the Duffield Jail ("Jail") as defendants.[1] Defendants filed a motion to dismiss that presents information outside the pleadings that I will not exclude. Consequently, I treat the motion to dismiss as a motion for summary judgment.[2] Fed. R. Civ. P. 12(d), 56. Plaintiff responded to the motion and filed a motions for subpoenas and a jury, making the matter ripe for disposition. After reviewing the record, I deny Plaintiff's motions for subpoenas and a jury and grant Defendants' motion for summary judgment because Plaintiff failed to exhaust available administrative remedies.

Plaintiff complains of two separate incidents at the Jail. On September 20, 2015, defendants Burke and Blevins allegedly slammed Plaintiff's head onto the floor. On October 13, 2015, defendant Scott allegedly beat and kicked Plaintiff and broke Plaintiff's arm after Plaintiff refused to return to his cell.

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [§ 1983] . . ., by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42

---

[1] This case is before me by consent of the parties pursuant to 28 U.S.C. § 636(c)(1).
[2] The court warned Plaintiff that it may convert a motion to dismiss that references matters outside the pleadings into a motion for summary judgment. See, e.g., Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

U.S.C. § 1997e(a). The exhaustion requirement is mandatory and "applies to all inmate suits about prison life[.]" Porter v. Nussle, 534 U.S. 516, 524, 532 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90 (2006). When a prison provides an administrative grievance procedure, the inmate must file a grievance raising a particular claim and pursue it through all available levels of appeal to "properly exhaust." Id.

An inmate's failure to exhaust is an affirmative defense that a defendant has the burden to prove. Jones v. Bock, 549 U.S. 199, 216 (2007). Once a defendant presents evidence of a failure to exhaust, the burden of proof shifts to the plaintiff to show, by a preponderance of the evidence, that exhaustion occurred or administrative remedies were unavailable through no fault of the plaintiff. See, e.g., Tuckel v. Grover, 660 F.3d 1249, 1254 (10th Cir. 2011).

The Jail has an inmate grievance procedure that consists of four steps. First, an inmate must make a good faith attempt to resolve the issue via a request form. Second, the inmate may file a grievance if unsatisfied with the response to the request form. The grievance must be filed within seven days of the incident via a paper form or the electronic kiosk. Staff should respond to the grievance within nine days, and if unsatisfied with that response, the inmate may file a written appeal within the next seven days.

Plaintiff did not file a grievance until December 2, 2015, which was much more than seven days after the alleged events occurred in September and October 2015. Staff responded to the grievance the next day, and Plaintiff did not appeal. Plaintiff does not explain his failure to timely file the grievance or to appeal staff's response. Thus, I find that Plaintiff had administrative remedies available to him within seven days of the incident and he failed to

2

pursue them.  "Special circumstances," whether the extent of the alleged injury or amount of force used, cannot excuse a failure to exhaust available administrative remedies.  <u>Ross v. Blake</u>, __ U.S. __, 136 S. Ct. 1850, 1856-57 (2016).  Accordingly, I grant Defendants' motion for summary judgment because Plaintiff failed to exhaust the administrative remedies available to him, and I deny the motion for subpoenas because they do not relate to the exhaustion issue.  <u>Cf.</u> Fed. R. Civ. P. 56(d).  The motion for a jury is denied as moot.

        Enter:  October 6, 2016

        */s/ Robert S. Ballou*

        Robert S. Ballou
        United States Magistrate Judge